UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

BRYAN C. CASKEY,

    Defendant.

Case No. CR16-200RSL
No. CR97-5448FDB/RSL

ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

This matter comes before the Court on defendant Bryan C. Caskey's motion for early termination of supervised release. Dkt. #4. Having reviewed defendant's memorandum and exhibits, the government's response in opposition, and the remainder of the record, the Court DENIES defendant's motion without prejudice.

Under 18 U.S.C. § 3583(e), the Court may, after considering a subset of sentencing factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release after at least one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The factors the Court should consider include the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, to protect the public, and to provide the defendant with training, medical care, or other treatment in the most effective

ORDER DENYING DEFENDANT'S MOTION
FOR EARLY TERMINATION OF SUPERVISED
RELEASE - 1

1  manner; relevant guidelines or policy statements issued by the Sentencing Commission; and the
2  need to provide restitution. Id. §§ 3553(a), 3583(e). When deciding whether to terminate
3  supervised release, the Court "enjoys discretion to consider a wide range of circumstances."
4  United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014).

In 1997, defendant was convicted of manufacturing marijuana and sentenced by the Honorable Franklin D. Burgess to a 120-month term of imprisonment followed by an 8-year term of supervised release (CR97-5448). Additionally defendant was sentenced to a concurrent 3-year term of supervised release for a 2009 escape conviction from the District of Oregon (CR16-200). Dkt. #4 at 1. Mr. Caskey was released from BOP custody on May 12, 2015, and has been on supervision for two years. Dkt. #4 at 2.

Since that time, all of defendant's urinalysis tests have been negative and he has been violation free. Dkt. #4 at 2. Defendant continues to receive mental health counseling and his treatment provider is positive about his progress. The Court commends defendant's progress in his rehabilitation since being released from custody. However, given the nature of defendant's criminal history, and concerns from his probation officer about defendant's ability to access further counseling without the assistance of the Probation Office, the Court concludes that terminating defendant's supervised release is not warranted at this time. It is likely that Mr. Caskey will benefit from further mental health counseling and supervision. Therefore defendant may renew his motion for early termination in 18 months' time, and the Court will consider lowering or terminating his term of supervision contingent upon defendant's continued compliance with the terms of his release.

For all the foregoing reasons, defendant's motion for early termination of supervised release (Dkt. # 27) is DENIED without prejudice.

ORDER DENYING DEFENDANT'S MOTION
FOR EARLY TERMINATION OF SUPERVISED
RELEASE - 2

DATED this 7th day of August, 2017.

*signature*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S MOTION
FOR EARLY TERMINATION OF SUPERVISED
RELEASE - 3